a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER BELL, Plaintiff | CIVIL ACTION NO. 1:19-CV-404-P |
| VERSUS | JUDGE DEE D. DRELL |
| 10TH JUDICIAL DISTRICT COURT, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Christopher Bell ("Bell") (#437232). (Docs. 1, 9). Bell is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the River Bend Detention Center in Lake Providence, Louisiana. Bell filed his Complaint in the Middle District of Louisiana, which transferred the case to this Court. (Doc. 5). Bell challenges the validity of his conviction in the Tenth Judicial District Court, Natchitoches Parish. Bell seeks a reduction of his sentence to "time served" and a release from custody. (Doc. 1).

Because a sentence reduction and release from custody cannot be obtained in a civil rights action, Defendants Hawthorn and Kyzer are immune from suit, and the 10th Judicial District Court is not an entity capable of being sued, the Complaint (Docs. 1, 9) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Bell alleges that his sentence for manslaughter imposed in the 10th Judicial District Court is illegal. (Doc. 9, p. 3).

Bell names as Defendants the 10th Judicial District Court, Judge Dee Ann Hawthorn, and District Attorney Van H. Kyzer. (Doc. 9, p. 5).

## II. Law and Analysis

### A. Bell's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Bell is an inmate who has been allowed to proceed in forma pauperis. (Doc. 12). As a prisoner seeking redress from an officer or employee of a governmental entity, Bell's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Bell's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Bell cannot obtain a release from custody or reduction of sentence in a § 1983 suit.

A prisoner may not challenge the validity of a state criminal proceeding in a § 1983 suit. Such a claim must be raised in a petition for writ of habeas corpus. See

Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of the United States Code); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (when an inmate challenges the fact or duration of his confinement and the relief he seeks is immediate or speedier release, his sole federal remedy is a writ of habeas corpus); Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983); Johnson v. Hardy, 601 F.2d 172, 174 (5th Cir. 1979). A prisoner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b).

Because Bell requests a sentence reduction and a speedier release from custody in this § 1983 suit, his Complaint should be dismissed.

C. Judge Hawthorn and District Attorney Kyzer are entitled to immunity.

Bell names as Defendants Judge Hawthorn and District Attorney Kyzer. Bell claims that Defendants failed to properly advise Bell of the rights being waived by entering a guilty plea. (Doc. 9, p. 5).

Judicial officers are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994); 42 U.S.C. § 1983. "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 359 (1978). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Bell's claim against

Judge Hawthorn arises exclusively from the execution of a judicial function and should thus be dismissed.

Similarly, a district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his or her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. Kalina v. Fletcher, 522 U.S. 118, 129 (1997); Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997). Therefore, Bell's claim against District Attorney Kyzer should be dismissed.

### D. Bell cannot state a claim against the 10th Judicial District Court.

Section 1983 imposes liability on any "person" who violates another's constitutional rights. 42 U.S.C. § 1983. Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana state law governs whether a state district court has the capacity to be sued. See Fed. R. Civ. P. 17(b)(3). Under Louisiana law, an entity must qualify as a "juridical person" to possess the capacity to be sued. Griffith v. Louisiana, 808 F. Supp. 2d 926, 933 (E.D. La. 2011). A juridical person is "an entity to which the law attributes personality." La. Civ. Code art. 24.

Louisiana's state courts are created by the Louisiana Constitution as component parts of a unified state system for the exercise of the state's judicial power. Green v. Dist. Attorney Office, 08-cv-3685, 2009 WL 651132, at *5 (E.D. La. Mar. 10, 2009) (citing La. Const., art. 5 §§ 1, 16). Thus, the 10th Judicial District Court is a part of the state government's judicial branch. Id. Further, no law—constitutional, statutory, or otherwise—confers upon the 10th Judicial District Court the capacity to

4

sue or be sued. See Griffith, 808 F. Supp. 2d at 934 (citations omitted). Therefore, Bell has no cause of action against the 10th Judicial District Court.

### III. Conclusion

Because a sentence reduction and release from custody cannot be obtained in a civil rights action, Defendants Hawthorn and Kyzer are immune from suit, and the 10th Judicial District Court is not an entity capable of being sued, IT IS RECOMMENDED that Bell's § 1983 Complaint (Docs. 1, 9) be DENIED and DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___21st___ day of May, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge